UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROME ELLINGTON,

    Petitioner,

-vs-                                                             Case No.  8:07-cv-641-T-24TGW

STATE OF FLORIDA and/or ATTORNEY
MARK F. LEWIS, HARRY LEE COE, III,
CRAIG PARNEL, et al.,

    Respondents.

_____

## O R D E R

Jerome Ellington filed a document with the heading, "In the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Criminal Division and/or U.S. District Court, Middle District of Florida, Tampa Division." The document is entitled "Emergency Motion To Rule: Estopple [sic] by Representation and Complaint of Malversation/Racial-Religious Profiling/Conspiracy."  Ellington seeks to have this Court grant his motion for judgment of acquittal in his state court criminal case or to force the state trial court or state district court of appeal to do so. This Court construed the filing as a petition for writ of mandamus and the Clerk properly opened the case as such.

Discussion

A review of the applicable law demonstrates that, for the following reasons, Petitioner Ellington's petition for writ of mandamus must be **Denied.**

First, writs of mandamus as such have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure.[1] However, under the All Writs Statute, 28 U.S.C. § 1651, Federal Courts may issue all writs necessary or appropriate in aid of their respective jurisdictions. Title 28 U.S.C. § 1651 does not create an independent basis for jurisdiction. Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586 (4th Cir. 1969); Ortega v. Puncinelli, 444 F.2d 530 (9th Cir. 1971); Ali v. State Police of Pennsylvania, 378 F. Supp. 888 (E.D. Pa. 1974).

Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970); Clark v. State of Washington, et al., 366 F.2d 678, 681-82 (9th Cir. 1966); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981), aff'd 673 F.2d 1337 (9th Cir. 1982); Lessard v. State of Wisconsin, 449 F. Supp. 914, 915 (E.D. Wis. 1978). Analogously, this Court does not have mandamus power to grant a motion for judgment of acquittal or to order the state trial court or the state district court of appeal to rule on and/or grant a motion for judgment of acquittal in Ellington's ongoing criminal case.

Second, federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and

---

[1] Federal courts have jurisdiction under 28 U.S.C. § 1361 in actions in the nature of mandamus to compel officers or employees of the United States to perform their duties.

immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see also, Hicks v. Miranda, 422 U.S. 332, 349 (1975). The Younger court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
> . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate.  Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done.  The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
> . . .
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate.  Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.  Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 45-46 (citations and quotations omitted).

The Younger abstention doctrine does not preclude all federal court involvement any time there may be state proceedings.  However, the doctrine does preclude involvement when the following conditions exist: a state judicial action is pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question. See Lee v. City of Rome, Ga.,866 F. Supp. 545, 549 (N.D. Ga. 1994) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 600 (1975).

In the present case, Ellington has a state judicial action pending; the pending action implicates important state interests, and the state action is capable of addressing the federal constitutional question.

Accordingly, the Court orders:

1. That Ellington's petition for writ of mandamus (Doc. No. 1) is denied. The Clerk is directed to enter judgment against Ellington and to close this case.

2. That Ellington is assessed the filing fee for a petition for writ of mandamus, which is $350.00. The Clerk is directed to send a copy of this order to Inmate Accounting 1711 Mahan Drive, Tallahassee, FL 32308 Attention: Jeffrey R. Straley, Professional Account Supervisor; Veronica Wold, Government Operations Consultant. The Department of Corrections shall place a lien on the inmate's trust account for court costs and filing fees due.

ORDERED at Tampa, Florida, on April 19, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Jerome Ellington